[REVISED JULY, 1999]

FILED ___ LODGED
___ RECEIVED ___ COPY

DEC 1 3 2001

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Allocco, et al., | No. CV 01-2220-PHX ROS |
| Plaintiffs, | **ORDER SETTING** |
| vs. | **SCHEDULING CONFERENCE** |
| Metropolitan Life, | |
| Defendant. | |

Pursuant to the Rules of Practice of the District of Arizona ("Local Rules") governing differentiated case management, this action is designated a **standard track** case. Accordingly,

**IT IS HEREBY ORDERED** that, pursuant to Rule 16, Fed.R.Civ.P., a Scheduling Conference is set for Friday, January 11, 2002, at 9:00 a.m. at the Sandra Day O'Connor U.S. Courthouse, 401 West Washington, 6th floor, Phoenix, Arizona. **All counsel to this action must advise the Court three days prior to this Conference if they plan to participate by telephone.**

Counsel and the parties are directed to Rule 16 of the Fed.R. Civ.P. for the objectives of this conference. The attorney who will serve as principal trial counsel or who has the authority to act in this case, and has knowledge of all facets of it, must appear at the Conference. Counsel who fails to appear, who is late, or who sends an insufficiently authorized and knowledgeable substitute may be ordered to pay the expenses of the other attorneys.

Counsel and the parties are to advise the Court in the Case Management Plan whether it is advisable to hold the Scheduling conference as scheduled in this Order or to postpone the conference until after the first notice of the status of settlement negotiations and discovery is due. (See the OPTIONS on Pages 1 and 2 of the Proposed Rule 16 Scheduling Order.)



**IT IS FURTHER ORDERED** that all parties are to conduct an initial **Case Management Meeting** at least <u>fourteen days</u> before the Scheduling Conference in accordance with Rule 26(f) of the Fed.R.Civ.P. to discuss:

A.     Possibility of consent to trial before a United States Magistrate Judge pursuant to 28 U.S.C. §636(c); suitability for referral to this District's court-annexed voluntary arbitration program, to any other alternative dispute resolution mechanism, and/or reference to a master;

B.     Any matters relating to jurisdiction, venue or joinder of additional parties;

C.     The nature and bases of the claims and defenses and the possibilities for a prompt settlement or resolution of the case.

D.     Arrangements for Initial Disclosures in compliance with Rule 26(a)(1) of the Fed.R.Civ.P. Unless otherwise stipulated in writing by the parties or otherwise directed by a written Order of this court, Initial Disclosures shall be made at the initial Rule 26(f) Case Management Meeting or within ten (10) days after the meeting. The parties shall file with the Clerk of the Court a <u>Notice of Initial Disclosure</u>, rather than copies of the actual disclosures;

E.     A schedule of all pretrial proceedings, including evidentiary hearings pursuant to <u>Daubert</u> and/or Fed.R.Evid. 702, a trial date, an estimate of the length of trial, and any suggestions for shortening the trial;

F.     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

G.     Whether any party desires a settlement conference before a judicial officer, or to participate in any other alternative dispute resolution forum;

H.     Whether counsel prefer to defer the Scheduling Conference as set forth by this Order until after the first notice of the status of settlement negotiations and discovery is due. (See the OPTIONS on Pages 1 and 2 of Proposed Rule 16 Scheduling Order); and

I.     Any other matters which counsel may feel will help dispose of the matter in an efficient and economical manner.

**IT IS FURTHER ORDERED:**

At the Rule 26(f) Case Management Meeting, the parties shall develop a **Proposed Case Management Plan**. This Plan shall be filed with the Court, not less than <u>ten days</u> before the Scheduling Conference and shall include individually numbered brief statements indicating:

1.      The nature of the case, including the factual and legal basis of plaintiff's claims and defendant's defenses;

2.      A list of the elements of proof necessary for <u>each</u> count of the Complaint and <u>each</u> Affirmative Defense and, if applicable, each Counterclaim.  For those claims in which the burden of proof shifts, each party shall list the elements that the party must prove in order to prevail.  The list of the elements of proof must contain citations to relevant legal authority (i.e., United States statutory and/or administrative law, U.S. Supreme Court cases, Ninth Circuit Court of Appeals case law, Arizona State case and statutory law, and other authority as dictated by the conflict of law rules);

3.      The factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation or motion;

4.      The jurisdictional basis of the case, citing specific statutes;

5.      Parties, if any, which have not been served, as well as parties which have not filed an answer or other appearance.  Unless counsel can otherwise show cause, the **Proposed Case Management Plan** shall be accompanied by a proposed order dismissing any party which has not been served, or appropriate pleadings seeking default judgment against any non-appearing party.

6.      The names of parties not subject to the Court's jurisdiction;

7.      Whether there are further dispositive or partially dispositive issues to be decided by pretrial motions and hearings including evidentiary hearings pursuant to <u>Daubert</u> and/or Fed.R. Evid. 702,;

8.      Whether the case is suitable for reference to arbitration, to a master, and/or to a United States Magistrate Judge for all further proceedings;

9.      The status of related cases pending before other judges of this Court or before other courts;

10.     Suggested changes, if necessary, in the timing, form, or requirement for disclosure under Rule 26(a), Fed.R.Civ.P., including a statement of when initial disclosures were made or will be made in accordance with Paragraph "D" on Page 3 of this Order;

11.     Suggested changes, if any, in the limitations on discovery imposed by Fed.R.Civ.P. 30, 31 and 33;

12.     The scope of discovery, the date discovery should be completed, and whether discovery should be conducted in phases or should be limited to or focused upon particular issues.  For example, when potentially dispositive motions will be filed (e.g. motions for summary judgment or motions asserting a defense such as the statute of limitations) counsel should consider limiting discovery to the   issue to be addressed in the motion until the Court has ruled on it;

13.     The final date for supplementation of discovery is to be set two to three weeks after the close of formal discovery.  Counsel are reminded of the duty pursuant to Fed.R.Civ.P. 26(e) to supplement all Rule 26(a) disclosures and responses to discovery requests before the date for close of discovery or on the <u>final date</u> for supplementing discovery.  Under no circumstances will the final date for supplementation occur after the date for filing dispositive motions. <u>Fed.R.Civ.P. 26(a)(3) disclosures of witnesses and exhibits which may be offered at trial must be disclosed before the close of discovery or, if agreed, on the final date for supplementation.</u> This order governs and supersedes the "30 days before trial" disclosure deadline contained in Fed.R.Civ.P 26(a)(3).  Therefore, (1) failure to timely supplement Rule 26(a) disclosure, including the witnesses and exhibits for trial, (2) failure to timely supplement responses to any valid discovery request, and (3) attempts to include witnesses or exhibits in the Proposed Final Pretrial Order that were not previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions pursuant to Fed.R.Civ.P. 37, the Local Rules of the District Court, and the inherent power of the Court.

14.      In addition to the deadlines mentioned above, the proposed deadlines for:

       (a) disclosure of experts and testimony under Rule 26(a)(2) of the Fed.R.Civ.P.;

       (b) filing dispositive motions;

       and

       (c) lodging the **Joint Proposed Pretrial Order**.

All deadlines must be included, using the attached form of **Scheduling Order**, as a guideline in preparing the **Proposed Case Management Plan**. If counsel cannot agree on deadlines, separate orders may be submitted for discussion at the Scheduling Conference.

15.      Estimated date the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial;

16.      Whether a jury trial has been requested.

17.      The prospects for settlement, including any request for a settlement conference before another United States District Court Judge or Magistrate Judge, or other request of the Court for assistance in settlement efforts;

18.      In class actions, the proposed dates for class certification proceedings and other class management issues. Such certification will result in the case being reassigned to the **complex track** for case management purposes;

19.      Whether any unusual, difficult, or complex problems or issues exist which would require that this case be placed on the **complex track** for case management purposes; and

20.      Any other matters which counsel believe will aid the Court in resolving this dispute in a just, speedy, and inexpensive manner.

After the conference, the Court will enter a **Scheduling Order**, which shall control the course of the action. To the extent that the Court's **Scheduling Order** differs from the parties' **Proposed Case Management Plan**, the provisions of the Court's Order shall control the course of this action unless modified by subsequent Order of this Court. Counsel are cautioned that the deadlines established at this Conference shall be enforced.

**IT IS FURTHER ORDERED THAT:**

It is the responsibility of plaintiff's counsel to initiate the communication necessary to schedule the initial **Case Management Meeting** and to prepare the **Proposed Case Management Plan**.

This Court views the Scheduling Conference as critical to its case management responsibilities and the responsibilities of the parties under Rule 1, Fed.R.Civ.P.

DATED this 11th day of December, 2001.

_____
Roslyn O. Silver
United States District Judge

copies to all counsel of record

Enclosure:  Rule 16 Scheduling Order

<u>RULE 16 HEARING AGENDA</u>*
(Revised 3/00)

1.  <u>Rule 26(a)(1) Disclosures:</u>

The parties and their attorneys have an obligation to
make a <u>reasonable inquiry into the facts of the case</u>.
The Rule does not demand an exhaustive investigation but
one that is reasonable under the circumstances focusing
on the facts that are alleged with particularity in the
pleadings. <u>See</u> <u>Dickson v. Certainteed Corp.</u>, 164 F.R.D.
685, 691-92 (D. Kan. 1996); <u>Taydus v. Cisneros</u>, 902 F.
Supp. 288, 296-97 (D. Mass. 1995); <u>In re Lotus
Development Corp. Securities Litigation</u>, 875 F. Supp. 48,
51 (D. Mass. 1995).

2.  <u>Rule 26(a)(3) Impeachment:</u>

Impeachment material must be disclosed during discovery
in response to an appropriate request. <u>Smith v. Diamond
Offshore Drilling, Inc.</u>, 168 F.R.D. 582, 586 (S.D. Tex.
1996); <u>Martino v. Baker</u>, 179 F.R.D. 588 (E.D.N.C., 1998);
<u>Ward v. CSX Transportation</u>, 161 F.R.D. 38, 39 (E.D.N.C.
1995).

3.  <u>Rule 26(a)(2) Expert Testimony:</u>

    (a)  <u>The Expert Report</u>  A detailed complete written
    report setting forth the testimony the witness is
    expected to present during direct examination
    together with the reasons therefor must be
    disclosed on the date designated in the Rule 16
    Order. Revised Rule 37(c)(1) provides an incentive
    for full disclosure; namely, that a party will not
    ordinarily be permitted to use on direct
    examination any expert testimony not so disclosed.
    Surprise disclosure of experts and/or their
    opinions will not be allowed.

    (b)  <u>Rule 702/Daubert Hearings</u> Admissibility of expert
    testimony pursuant to Federal Rule of Evidence 702
    is now governed by <u>Kuhmo Tire Co. v. Carmichael</u>,
    U.S. 119 S. Ct. 1167, 1171 (1999), in which the
    Supreme Court held that a district court's gate-
    keeping function applies both to scientific
    knowledge and technical and specialized knowledge.
    Consequently, <u>Daubert</u> and/or Rule 702 gate-keeping
    motions and hearings may be required to determine
    the admissibility of all expert testimony. In
    <u>General Electric Co. v. Joiner</u>, 522 U.S. 136, 118
    S. Ct. 512 (1997), the Supreme Court held that
    deference is accorded the district court's decision
    on these issues.

(c) <u>Communications with counsel</u>  There is tension between the work product privilege codified in Federal Rule of Civil Procedure 26(b)(3) and expert witness disclosure required by Federal Rule of Civil Procedure 26(a)(2)(B).  Compare <u>Intermedics Inc. v. Ventritex, Inc.</u>, 139 F.R.D. 384 (N.D. Cal. 1991) with <u>Magee v. Paul Revere Life Ins. Co.</u>, 172 F.R.D. 627, 642 (E.D.N.Y. 1997).  This Court requires disclosure of "all data or other information [including communications with counsel] <u>considered</u> by the witness in forming" all opinions.  Rule 26(a)(2)(B)(emphasis added).

4. <u>Deposition Protocol</u>

(a) <u>Scheduling</u>  All counsel will confer at the beginning of discovery and establish a reasonable schedule for taking depositions of all parties and witnesses.  Scheduling conflicts of parties, witnesses, and counsel will be taken into consideration.

(b) <u>Objections</u>  The examination and cross-examination of witnesses will proceed "as permitted at trial" and objections are to be stated "concisely and in a non-argumentative and non-suggestive manner." Fed.R.Civ.P. 30(c); 30(d)(1).  Because objections to "competency, relevancy, or materiality" are not waived, only objections to form and foundation are permitted, that is, an objection is appropriate when the question is leading, compound, assumes facts not in evidence, calls for narration, speculation or conjecture, or is argumentative. Fed.R.Civ.P 32(d)(3)(A).  Counsel are to make an objection by stating <u>only</u> "objection - form" "objection - foundation."  Counsel shall not make objections or statements which might suggest an answer to a witness.

(c) <u>Interruptions</u>  When a question is pending, neither the deponent nor his/her counsel may initiate an interruption of the deposition to confer about the question, the answer, or any document that is being examined, except to assert a claim of privilege, to conform to a court order or to present a motion pursuant to Rule 30(d)(3).

(d) <u>Exhibits</u>  Deposing counsel shall provide to the witness's counsel a copy of all documents shown to the witness during the deposition.  The copies shall be provided either before the deposition begins or contemporaneously with the exhibiting of each document to the witness.  The witness and the witness's counsel do not have the right to discuss documents privately before the witness answers questions about them.

2

(e)   **Breaks** Counsel are to establish a schedule for breaks before the deposition begins and abide by that schedule except when an emergency occurs.

5.   **Rule 26(b)(5) Privileged Material:**

No privileged material may be withheld without notice or the party withholding the evidence will be subject to sanctions pursuant to Rule 37(b)(2). Sufficient information must be provided to evaluate the applicability of the privilege. The Court will ultimately decide the issue if there is a dispute.

6.   **Rule 26(e) Supplementation:**

The Rule 16 Order must provide a final date for supplementation of all disclosures and answers to discovery requests including material changes in opinions of the expert testimony as set forth in depositions or reports and for disclosure of all witnesses to be called and exhibits to be used at trial. A party is not relieved from the obligation of disclosure merely because another party has not made a disclosure or has made an inadequate disclosure. The Rule applies to all corrective information which is learned by the client or the attorney. The Court will allow the parties to agree to a final supplementation date after the close of discovery date, which must occur before the time for filing dispositive motions.

7.   **Discovery Disputes:**

(a)   The Rule 16 Order at Paragraph J and Local Rule 1.10(j) provide that no discovery motion will be considered unless the moving counsel has certified sincere efforts to resolve the matter.

(b)   The parties are to contact the Court if any dispute exists before filing any discovery pleadings to obtain a hearing for presentation and resolution of the dispute orally in court. Counsel will inform the Court's staff by telephone that a dispute exists. The Court's staff will set a date and time for the dispute to be resolved in court. Counsel will confirm by faxing a letter to the Court, that the parties have complied with Local Rule 1.10(j) and paragraph J of the Rule 16 order and set forth briefly, in no more than two sentences, what the dispute entails.

8.   **Motions for Summary Judgment:**

(a)   After all required pleadings the Court may order the parties to jointly file a succinct stipulated

statement of undisputed facts five (5) working days before the hearing on the motion for summary judgment.

(b) If oral argument is held, the Court will fax questions that the parties should be prepared to answer at the hearing.

(c) If <u>inadmissible facts</u> are offered by either party in propounding or opposing the motion for summary judgment, a motion to strike must be filed or the Court will deem the inadmissibility of the evidence waived when resolving the motion.  <u>See</u> <u>Allen v. Scribner</u>, 812 F.2d 426, 435 n.18 (9th Cir. 1987).

9.   <u>Settlement:</u>

(a) Do the parties request a settlement conference?

(b) The Court will provide a settlement judge for the parties when a settlement conference is advisable.

10.   <u>Magistrate Referral:</u>

Have the parties thoroughly considered this alternative?

11.   <u>Pretrial Order:</u>

This Court's form of Pretrial Order may be altered or limited to suit each case.  The parties are to contact the Court and propose a Final Pretrial Order "Lite".

12.   <u>Pretrial Conference:</u>

This proceeding is ordinarily extensive and lasts approximately one-half day.  The Court decides all motions in limine and resolves disputes regarding instructions, voir dire, and anticipated evidentiary issues.

13.   <u>Trial:</u>

(a) <u>Voir dire.</u>  The Court's standard questionnaire given to the jury may be supplemented by counsel. The Court generally allows counsel to conduct a limited amount of individual voir dire.

(b) <u>Juror Participation.</u>  If <u>all counsel agree</u>, the Court will permit the jurors to ask questions

of the witnesses and, with appropriate
instruction, to discuss the case before
deliberations.

\* If a Rule 16 hearing has been delayed, the parties are to pay
particular attention to what is set forth in this document during
the litigation.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|                          |   |                         |
|--------------------------|---|-------------------------|
|                          | ) |                         |
|                          | ) |                         |
| Plaintiff,               | ) | No. CIV        PHX ROS  |
|                          | ) |                         |
| vs.                      | ) |                         |
|                          | ) | JOINT PROPOSED PRETRIAL |
|                          | ) |         ORDER           |
|                          | ) |                         |
| Defendant.               | ) |                         |
|                          | ) |                         |

Pursuant to the Scheduling Order entered _____

_____, 199____, following is the Joint Proposed

Pretrial Order to be considered at the Final Pretrial Conference set

for _____, 199____.

A.   TRIAL COUNSEL FOR THE PARTIES

(Include mailing address, office phone and fax numbers).

Plaintiff(s):

Defendant(s):

- - -

1

- - -

B.   **STATEMENT OF JURISDICTION/VENUE.**   Cite the statute(s) or rule(s) which give(s) this Court jurisdiction and venue.

> (e.g., Jurisdiction in this case is based on diversity of citizenship under Title 28 U.S.C. §1332.)

C.   **NATURE OF ACTION.**   Provide a concise statement of the type of case, the cause of the action, and the relief sought.

> (e.g., - This is a products liability case wherein the plaintiff seeks damages for personal injuries sustained when he fell from the driver's seat of a forklift.   The plaintiff contends that the forklift was defectively designed and manufactured by the defendant and that the defects were a producing cause of his injuries and damages.)

D.   **JURY/NON-JURY.**   State whether any party has demanded a jury trial of all or any of the issues and, if so, whether each adversary accepts or contests the demand for jury trial.

E.   **CONTENTIONS OF THE PARTIES**

With respect to each count of the complaint, counterclaim or cross-claim, and to any defense, affirmative defense, or the rebuttal of a presumption where the burden of proof has shifted, the party having the burden of proof shall list the elements or standards that must be proved in order for the party to prevail on each claim or defense and set forth the relief (e.g. monetary damages), if any, claimed by each party.   Citation to relevant and/or controlling legal authority is required.

> (e.g., In order to prevail on this products liability case, the plaintiff must prove the following elements. . . .

> (e.g., In order to defeat this products liability claim based on the statute of repose, the defendant must prove

2

the following elements . . . .)

- - -

F.    STIPULATIONS AND UNDISPUTED FACTS

G.    PLAINTIFF'S CONTENTIONS OF DISPUTED FACT

H.    DEFENDANT'S CONTENTIONS OF DISPUTED FACT

I.    ISSUES OF LAW IN CONTROVERSY

List briefly any points of law, substantive, evidentiary or procedural, or concerning the measure or kind of relief prayed, which are or may be reasonably expected to be in controversy.

J.    SEPARATE TRIAL OF ISSUES

State whether separate trial of any of the issues is advisable and feasible.

K.    WITNESSES

Provide a separate list for each party of all witnesses whom the party will call or may call in person or through deposition, except witnesses who may be called only for impeachment or rebuttal. Additionally, the parties shall designate which witnesses (1) shall be called at trial, (2) may be called at trial, and (3) are unlikely to be called at trial. Also provide a very short summary of the intended testimony of the witness. If any additional witnesses come to the attention of counsel prior to the trial, a supplemental list and summary must be prepared, with notice to the opposing side, and filed with the court. This supplemental list must include the reason why the witness' name was not set forth in this Joint Proposed Pretrial Order.

L.   **EXPERTS**

Provide a brief summary of each expert's qualifications and proposed testimony and list any stipulations relating to the number or nature of experts to be called by the parties.

M.   **EXHIBITS**

Each party must submit with this proposed order a list of numbered exhibits, with a description of each containing sufficient information to identify the exhibit, and indicating whether an objection to its admission is anticipated and the basis for such objection.   Whenever a subject matter will reasonably require itemization, computation, or illustration, counsel shall prepare diagrams, photocopies or other similar exhibits as may be reasonably necessary for a clear presentation of the subject matter.

N.   **MOTIONS IN LIMINE AND REQUESTED EVIDENTIARY RULINGS**

Set forth the motions in limine which have been filed, whether they have been ruled upon or are scheduled to be ruled upon at the **Final Pretrial Conference.**   Briefly state objections to admission of any anticipated testimony with citation to the applicable Federal Rule(s) of Evidence.

O.   **PROBABLE LENGTH OF TRIAL**

P.   **TRIAL DATE**

Provide available trial dates after the **Final Pretrial Conference** for all trial counsel and witnesses.

<u>For a Bench Trial</u>

Q-1. PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW shall be filed and served by each party in accordance with the instructions set forth in this court's Rule 16 Scheduling Order.

<u>For a Jury Trial</u>

Q-2. STIPULATED    PROPOSED    STATEMENT    OF    THE    CASE,    JURY INSTRUCTIONS, VOIR DIRE QUESTIONS, JUROR QUESTIONNAIRES, IF ANY, FORMS OF VERDICT AND TRIAL MEMORANDUM OF LAW shall be filed with this proposed order in accordance with the procedures set forth in this court's Rule 16 Scheduling Order.

R.   MISCELLANEOUS

Set forth any other appropriate matters which will aid in the effective presentation or disposition of the action.

S.   MODIFICATION OF ORDER

The court may, in order to prevent manifest injustice or for good cause shown, at the trial of the action or prior thereto upon application of counsel for either party, made in good faith, or upon the motion of the court, modify the **Final Pretrial Order** upon such conditions as the court may deem just and proper.

APPROVED AS TO FORM AND CONTENT:

_____        _____
Attorney for Plaintiff           Attorney for Defendant

THIS JOINT PRETRIAL ORDER IS HEREBY APPROVED ON THIS _____ DAY OF _____, 199___.

_____
Roslyn O. Silver
United States District Judge

Copies to all counsel of record

[REVISED JULY, 1999]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| | ) | NO. CIV          ROS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | RULE 16 |
| | ) | SCHEDULING ORDER |
| | ) | |
| Defendant. | ) | |

[Choose option 1 if you wish to delay your Rule 16 Conference or 2 if you wish to hold the Conference as scheduled. Prepare the Rule 16 Scheduling Order in accordance with this form and your Case Management Plan and submit both to the Court for approval. Call the Court if you have questions.]

[1.]  Pursuant to Rule 16(b) of the Fed.R.Civ.P., a Scheduling Conference is deferred until after the first notice of the status of settlement and discovery is due.  Pursuant to the terms of the Case Management Plan all parties shall comply with deadlines established in this Order.

[2.] Pursuant to the terms of the Case Management Plan and the representations made by the parties at the Rule 16 Scheduling Conference, all parties shall comply with the deadlines established in this Order.

A.   The Fed.R.Civ.P. as amended and made effective December 1, 1993 by Order 93-17 of the Supreme Court of the United States shall

1

apply to all proceedings concerning this case.

B.   All Initial Disclosures as defined in Fed.R.Civ.P. 26(a), if not already disclosed prior to the Scheduling Conference, shall be made **no later than five (5) days** after the date of entry of this Order, or in the alternative, no later than

_____.

C.   To satisfy the requirements of Fed.R.Civ.P. 26(a), the parties shall file with the Clerk of the Court a <u>Notice of Initial Disclosure</u>, rather than copies of the actual disclosures.

D.   Motions to Amend the Complaint, and to join additional parties shall be filed no later than _____.

E.   The Plaintiff(s) shall disclose the identity of all persons who may be used at trial to present evidence under Fed.R.Evid. 701, 702, 703, 704, and 705 no later than _____.   The Defendant(s) shall disclose the identity of all persons who may be used at trial to present evidence under Fed.R.Evid. 701, 702, 703, 704, or 705 no later than _____.   No deposition of any expert witness shall occur before the disclosures concerning expert witnesses mandated by this Order are made.[1]

The disclosures of the identities of all persons who may be used at trial to present evidence under Fed.R.Evid. 701, 702, 703, 704, or 705 shall also include all of the disclosures required by Fed.R.Civ.P. 26(a)(2)(B) if the witness is either (1) retained or specifically employed to provide expert testimony in the case, or (2)

---

[1]   The parties are hereby given notice that this Order requires disclosure different than that required by Federal Rule of Civil Procedure 26(a)(2).

is an agent or employee of the party offering the testimony whose duties regularly involve giving expert testimony.

F.   All discovery, including answers to interrogatories, production of documents, depositions and requests to admit must be completed by _____.

G.   The parties are required to finally supplement all discovery, including material changes in expert witness opinions and disclosure, pursuant to Fed.R.Civ.P. 26(a)(3), of all exhibits to be used and all witnesses to be called at trial, on or before _____. The parties are reminded that this order governs and supersedes the "30 days before trial" disclosure deadline contained in Fed.R.Civ.P. 26(a)(3). Therefore, (1) failure to timely supplement Rule 26(a) disclosures, including witnesses and exhibits for trial, (2) failure to timely supplement responses to any valid discovery requests, and (3) attempts to include witnesses or exhibits in the Proposed Final Pretrial Order that were not previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions pursuant to Fed.R.Civ.P. 37, the Local Rules of the District Court, and the inherent power of the court.

H.   Discovery by interrogatory shall be governed by Fed.R.Civ.P. 33 unless otherwise ordered by the Court.  Therefore, notwithstanding Local Rule 2.12, there is a limit of twenty-five (25) interrogatories, including discrete subparts, applicable to this case.

I.   Depositions shall be limited as provided by Rules 30 and 31 of the Fed.R.Civ.P. and as provided in the Local Rules of Practice for the District of Arizona unless granted permission to depart from

3

these Rules by Order of this Court.  To the extent that the Fed.R.Civ.P. differ from Local Rules, the Fed.R.Civ.P. shall govern.

J.  Motions on discovery matters are strongly discouraged. Parties are directed to Local Rule 1.10(j), which prohibits filing discovery motions unless parties have first met to resolve any discovery difficulties.  If the parties cannot reach a resolution, they are directed to jointly arrange a conference call with the Court to resolve the matter orally in court in lieu of filing a formal motion.

K.  This Order contemplates that each party will conduct discovery to permit completion within the deadline.  Any discovery which results in insufficient time to undertake necessary additional discovery and which requires an extension of the discovery deadline will be met with disfavor, will only be granted for good cause shown, and may result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.

L.  All dispositive motions shall be filed no later than

_____

M.  All parties are specifically admonished that pursuant to Local Rule 1.10(i), "[i]f a motion does not conform in all substantial respects with the requirements of this Rule, or if the opposing party does not serve and file the required answering memoranda, or if counsel for any party fails to appear at the time and place for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."

N.   The parties shall keep the Court apprized of settlement negotiations and the progress of discovery.  A joint letter to the Court concerning the status of settlement discussions (containing no specific settlement terms or offers) and the progress of discovery shall be submitted by _____ and labeled 'FIRST NOTICE OF DISCOVERY AND SETTLEMENT," and then every FOUR (4) months thereafter. If settlement is reached the parties shall file a <u>Notice of Settlement</u> with the Clerk of the Court with a copy to Judge Silver's Chambers.

O.   A **Joint Proposed Pretrial Order** shall be lodged by _____.  If dispositive motions have been filed, the Pretrial Order shall be due either on the above date or 30 days following resolution of the motions, whichever is later. [The content of the Proposed Pretrial Order shall include, but not be limited to, that prescribed in the <u>Form of Joint Proposed Pretrial Order</u> attached hereto.  Statements made shall not be in the form of a question, but should be a concise narrative statement of each party's contention regarding each uncontested and contested issue.  The parties shall submit a copy of the **Joint Proposed Pretrial Order** on a 1.44K high density IBM compatible computer disk in WordPerfect 7.0 format.

P.   If the case will be tried to the Court, rather than to a jury, <u>in addition to</u> filing a **Joint Proposed Pretrial Order**, each party shall also submit Proposed Findings of Fact and Conclusions of Law on the same date the **Joint Proposed Pretrial Order** is due.

Q.   The parties shall file and serve all Motions in Limine no later than the filing of the **Joint Proposed Pretrial Order**.  The

attorneys for all parties shall come to the final **Pretrial Conference** prepared to address the merits of all such motions.

R.   The attorneys for each party who will be responsible for trial of the lawsuit shall appear and participate in a **Pretrial Conference** to be scheduled after submission of the **Joint Proposed Pretrial Order**.   If no motions, including Motions in Limine, are pending, the **Pretrial Conference** will be set within ten (10) days to two (2) weeks after filing of the **Joint Proposed Pretrial Order**.   If motions are pending the **Pretrial Conference** will be set as soon as the pending motion(s) are ready for ruling.   At the Pretrial **Conference** this Court will establish a firm trial date and will issue the **Final Pretrial Order** with any additional instructions for trial preparation.

S.   The parties are advised that they will be required to file with the **Joint Proposed Pretrial Order** the following:

(1)   A joint stipulated Statement of the Case to be read to the jury and included in the jury questionnaire.   If the parties have any disagreement about the statement, the party proposing the statement will set it forth in the joint pleading and the party objecting shall set forth the reason for the objection below the statement and offer an alternative statement.

(2)   A joint stipulated set of voir dire questions to be added to the Court's standard questionnaire and/or to be given by the Court.   The voir dire questions shall be drafted in a neutral manner. If the parties have any disagreement about a particular question, the

party proposing the question will set it forth in the joint pleading and the party objecting shall set forth the reason for their objection below the question and offer alternative questions.

(3)  <u>Joint</u> stipulated <u>jury instructions</u>.  The instructions shall be accompanied by citations to legal authority.  If the parties have any disagreement about any particular instruction, the party proposing the instruction will set it forth in the joint pleading and the party objecting shall set forth the reason for the objection and offer an alternate instruction.

(4)  A <u>joint</u> stipulated <u>form of verdict</u>.  If the parties have any disagreement about the form of verdict, the party proposing the form will set it forth in the joint pleading and the party objecting shall set forth the reason for the objection and offer an alternative form of verdict.

(5)  A <u>Trial Memorandum of Law</u> for each party.  The memorandum shall be brief but must address all questions of law, including evidentiary issues that the party anticipates will arise at trial.

(6)  Any final pretrial matters required under Federal Rule of Civil Procedure 26(a)(3) are due prior to the preparation and submission of the **Joint Proposed Pretrial Order**.

**IT IS FURTHER ORDERED** directing the parties to submit their proposed voir dire questions, statement of the case, jury instructions, and form of verdict on a 1.44K high density IBM-PC compatible computer disk in WordPerfect 7.0 format in addition to the written materials filed with the Clerk of the Court.

This Court views compliance with the provisions of this Order as critical to its case management responsibilities and the responsibilities of the parties under Rule 1 of the Fed.R.Civ.P.

DATED: _____, 19___.

_____
Roslyn O. Silver
United States District Judge

copies of all counsel of record

Enclosures:   Joint Proposed Pretrial Order
              courtroom decorum/protocol

DISCUSSION OF THE 2000 AMENDMENTS TO
THE FEDERAL RULES OF CIVIL PROCEDURE AND EVIDENCE

I.      FEDERAL RULES OF CIVIL PROCEDURE

   A.   Introduction.

        1.   The effective date of the Federal Rules of Civil Procedure is December 1,
             2000.

        2.   The two important themes of the new Rules are uniformity and increased
             participation by the judiciary in the discovery process.

        3.   Many anticipate that the changes will have a significant effect on discovery
             practice.   The actual effects, however, are unclear because of the
             contemplated increased participation by the judiciary in resolution of
             disputes.  The decisions made by particular judges, in the exercise of their
             discretion, in resolving these disputes will ultimately determine how
             significant the changes will be on discovery practice.

        4.   In addition to thoroughly reading the Rule changes it is advisable to carefully
             review the Advisory Committee Notes which take up problems not discussed
             in the Rules.

   B.   Fed. R. Civ. P. 5(d): Public Access to Discovery Materials.

        1.   Although seemingly innocuous, the new Rule makes important changes
             regarding the accessibility of third parties to discovery materials.

        2.   The Rule bars the filing of disclosure and discovery materials with the court
             "until they are used in the proceeding or the court orders filing ...."

        3.   Practice pointers: (a) important to distinguish between a confidentiality order
             and sealing by the court; (b) dispositive motions filed with discovery
             materials attached are presumptively available to the public; (c) the Rule may
             be more important in high-profile cases; (d) important to raise the proposed
             procedure for testing the scope of Rule 5(d) at the Rule 16 conference; (e)
             whether the material is "used" in court or a proceeding may depend on
             whether there has been "sufficient use."

   C.   Fed. R. Civ. P. 26 (a)(1): Mandatory Disclosure

1.   This Rule change may be the most controversial.

2.   Now all judicial districts must comply with the initial disclosure requirements, but those requirements are less rigorous under the new Rule.

3.   The new Rule requires identification of all documents and witnesses that the disclosing party may use to support its <u>claims and defenses</u> unless used solely for impeachment.  There is no longer a requirement of disclosure of harmful information.

4.   Practice pointers: (a) the word "may" is not permissive; it means any possibility a party "might" use the material; (b) if there is overlap of mandatory disclosure requirements and impeachment material, DISCLOSE IT; (c) request judicial intervention in discovery disputes that go to the heart of the litigation; (d) "use" is defined broadly to include all proceedings including pretrial conferences, motions, and trials; (e) the parties may stipulate out of the mandatory disclosure requirements, and a party has the right to object to making mandatory disclosures during the Rule 26(f) conference.

D.   Fed. R. Civ. P. 26 (f) Conference

A Rule 26(f) conference is still required but it need not be face-to-face. The new Rule takes account of geographical factors that can make a face-to-face conference undesirable.

E.   Fed. R. Civ. P. 26(b)(1): Limits on Scope of Discovery

1.   This Rule competes with Rule 26(a)(1) for the most controversial change in the Rules.

2.   The Rule expressly limits the scope of discovery to non-privileged matters relevant to the <u>claim and defense</u> of a party.  The broader scope of discovery based on the "subject matter" has been replaced.  For good cause shown, however, the court may order discovery of information relevant to subject matter.  The new Rule reflects a significant burden shift in the discovery process.  The burden is no longer on the producing party to limit discovery, now it is on the requesting party to expand the scope of discovery.

3.   Practice pointers: (a) pleadings for both the plaintiff and the defendant need to be framed with Rule 26(b)(1) in mind; (b) invoke the assistance of the court for discovery disputes – the Advisory Committee Note invites the courts to confine discovery to the claims and defenses asserted in the pleadings and the parties are signaled that they are not entitled to discovery

to develop new claims and defenses; (c) the good cause exception is designed for unusual circumstances; (d) if a party is seeking broad discovery he/she should focus on the broader definition of relevance in the Rule and argue that the material is reasonably likely to lead to the discovery of admissible evidence; (e) note that there may be a drafting error regarding the good cause exception because it allows the court to order discovery of "any matter" without reference to privileged material; (f) consider the effect of removal proceedings on the original pleadings filed .

F.    Fed. R. Civ. P 26(b)(2): Elimination of Opt-Out

The new Rule forecloses the use of a local rule regarding the number of depositions and interrogatories, though it allows a local rule to limit or expand the number of requests for admission.

G.    Fed. R. Civ. P 37(c): Failure to Make Disclosure or Cooperate in Discovery; Sanctions

1.    The new Rule creates a presumptive preclusion for evidence that has not been disclosed pursuant to Rule 26(a) or Rule 26(e)(1).

2.    This may be the most important rule of evidence which is not contained in the rules of evidence.

## II.    FEDERAL RULES OF EVIDENCE

A.    Rule 103: Motions in Limine.

1.    The new Rule makes clear what is expected of attorneys who move in limine and wish to preserve the issue for appeal.

2.    Practice pointers: (a) counsel are encouraged to file motions in limine to carefully define the evidentiary issues for trial; (b) counsel who wish to preserve the issue for appeal must insure that the record reflects a "definitive" ruling by the court.

B.    Rule 701: Lay Opinion Testimony

1.    The new Rule makes it clear that if a witness is offering expert testimony its admissibility is judged under Rule 702 not 701.

2.    A problematic issue will be testimony from a witness based upon his/her "specialized knowledge."

3.    The Advisory Committee Notes provide some guidance relying on the

analysis of a Tennessee state court. Lay witness testimony is defined as that which "results from a process of reasoning familiar in everyday life." In contrast, Rule 702 expert testimony is defined as that which "results from a process of reasoning which can be mastered only by specialists in the field."

4.   Practice pointer: In Judge Silver's court, counsel are required to give notice to opposing counsel of proposed Rule 701 lay witness opinions.

C.   Rule 702: Expert Opinion Testimony

1.   The new Rule codifies <u>Daubert</u> and <u>Kumho</u>.

2.   Practice pointers: (a) raise all <u>Daubert</u> issues well before trial, and in Judge Silver's court counsel are required to consider these issues at the Rule 26(f) conference; (b) reliability of the expert and his/her opinions is the critical issue; (c) carefully prepare the expert with an understanding that what you inform the expert during the colloquy with him/her might be discoverable; (d) consider whether pursuant to the *Erie* doctrine the Arizona (<u>Logerquist v. McVey</u>, 1 P.3d 113 (2000)) interpretation of Rule 702 must be applied in federal court in a diversity case.

D.   Rule 703: Basis of the Expert's Opinions

1.   The new Rule requires stricter scrutiny of hearsay and other incompetent information relied on by the expert to support his/her opinion.

2.   Now, instead of allowing the evidence, Rule 703 bars its introduction unless the probative value outweighs the prejudicial effect.

3.   Practice pointer: The amendment does not prevent cross-examination into the basis of the expert's opinion, but the cross will open the door to the proponent to explore the basis more fully which will present strategic challenges for both counsel.

E.   Rules 803 & 902: Self – Authentication of Business Records

The new Rule now authorizes self authentication by affidavit or declaration and no longer demands that the custodian testify. The opponent of the authentication bears the burden of coming forward with evidence challenging the authenticity.