**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Allocco and Ralph Allocco, wife and husband,<br><br>            Plaintiffs,<br><br>vs.<br><br>Metropolitan Life Insurance Company, a foreign corporation,<br><br>            Defendant. | No. CIV 01-2220-PHX-JAT<br><br>**ORDER** |

Plaintiff Cynthia Allocco ("Allocco") requests that the Court exercise its discretionary authority under Federal Rule of Civil Procedure 39(b) and grant a request for a jury trial (Doc. # 111). For the following reasons, the Court will deny Allocco's motion.

**I.      Background**

For the first trial, both parties, Allocco and Defendant Metropolitan Life Insurance Company ("MetLife"), stipulated to waive their right to a jury in the September 22, 2003 Joint Proposed Pretrial Order (Doc. #46). Judge Roslyn Silver ruled the first trial in Allocco's favor on December 8, 2004 in the amount of $50,000 in punitive damages and $0 in compensatory damages (Doc. # 62).[1] MetLife subsequently inquired into the validity of

---

[1] Under Arizona law, punitive damages cannot be awarded without an award of compensatory damages. *Wyatt v. Wehmueller,* 806 P.2d 870 (Ariz. 1991).

1  this award. The Court amended the judgment on December 15, 2004, reallocating the award
2  amount to $20,000 in compensatory and $30,000 in punitive damages. Both parties appealed
3  to the Ninth Circuit.

4  The Ninth Circuit reversed the judgment of the Court and "remand[ed] to the Chief
5  Judge of the District of Arizona for a new trial before a different district judge" (Doc. #106).
6  The Ninth Circuit found, *inter alia*, that it was not apparent how the damages, in light of the
7  reallocation, correlated to the underlying factual findings. The Ninth Circuit also made clear
8  that they have confidence in Judge Silver's ability to remain impartial, but remanded to a
9  different judge in the "interest of the appearance of fairness to the parties."

10  Both parties acknowledge the Court's discretion under Rule 39(b) to order a jury trial.
11  Allocco requests that the Court use this discretion and 1) disregard the joint stipulation by
12  both parties and 2) permit the trial to be heard before a jury on remand. As a basis for her
13  request, Allocco claims that, even through the Ninth Circuit ordered the trial remanded to a
14  different judge, any judge "down the hall" from Judge Silver will not be able to "view the
15  matter with an entirely clean slate."

16  **II.   Legal Standard**

17  Rule 39(b) provides:

18  **(b) When No Demand Is Made.** Issues on which a jury trial is
19  not properly demanded are to be tried by the court. But the court
20  may, on motion, order a jury trial on any issue for which a jury
21  might have been demanded. Fed. R. Civ. P. 39(b).

22  This rule gives the Court discretion to order a jury trial. With respect to the failure
23  of a party to file a timely demand pursuant to Rule 38, the "discretion is narrow . . . and does
24  not permit a court to grant relief when the failure to make a timely demand results from an
25  oversight or inadvertence." Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd., 239 F.3d
26  1000, 1002 (9th Cir. 2001) (holding that trial court did not abuse discretion in denying
27  request for jury demand when plaintiff erroneously calculated demand deadline) (quoting
28  Lewis v. Time, Inc., 710 F.2d 549, 556-57 (9th Cir. 1983)). Thus, the Court must deny an

- 2 -

1 untimely request for a jury trial unless the plaintiff can make a showing beyond mere 2 inadvertence. Id.  With respect to instances where a party explicitly waives the right to a 3 jury, this discretion is broad. "Under all the decisions where the right to demand a jury has 4 been waived, the trial court is vested with a broad degree of discretion in determining 5 whether a jury trial shall nonetheless be granted." Hazelrigg v. Am. Fid. & Cas. Co., 241 6 F.2d 871, 873 (10th Cir. 1957).

**III.    Discussion**

Rule 39(b) is applicable here because a jury "might have been demanded" in the initial trial. Fed. R. Civ. P. 39(b).  By filing the joint stipulation, Allocco explicitly acknowledged and waived her right to a jury. Once this right is waived, "it is not revived by a reversal on appeal or by the grant of a new trial" but is "within the discretion of the trial court under Rule 39(b)."  9 C. Wright & A. Miller, Federal Practice and Procedure § 2321 (2008). Furthermore, because Allocco's request does not involve an untimely demand, the Court has broad discretion.

In exercising its discretion under Rule 39(b) motion, the Court can consider many factors, such as whether new issues have been found, see In re Zweibon, 565 F.2d 742 (D.C. Cir. 1977) (allowing jury trial after initially waived because the defendants raised a new defense), mistake on the part of one party, see Chanofsky v. Chase Manhattan Corp., 530 F.2d 470 (2nd Cir. 1976) (allowing jury trial after initially waived because the plaintiff had agreed to waive his rights on the mistaken fact that he was submitting the matter for determination for summary judgment and not a final decision on the facts), and change of circumstances, see Ernst v. Jewel Tea Co., 13 F.R.D. 234 (N.D. Ill. 1952) (allowing jury trial after initially waived because the circumstances and conditions prevailing at the time plaintiff waived her rights had substantially changed). In addition, the Fifth and Eleven Circuits have identified five factors that are particularly helpful in evaluating a Rule 39(b) motion: 1) whether the issues are best tried to a jury; 2) whether granting the motion would result in a disruption of the Court's or adverse party's schedule; 3) the prejudice to the adverse party; 4) the length of the delay in requesting a jury trial; and 5) the reason for movant's tardiness

1  in requesting a jury trial. Daniel Intern. Corp. v. Fischbach & Moore, Inc., 916 F.2d 1061,
2  1064 (5th Cir.1990); Parrott v. Wilson, 707 F.2d 1262, 1267 (11th Cir.), *cert. denied*, 464
3  U.S. 936 (1983).

4  Allocco argues that the circumstances of the original trial and reasons for remand are
5  sufficient grounds for the Court to exercise its discretion and grant the Rule 39(b) motion.
6  More specifically, Allocco argues that, even through the Ninth Circuit remanded for a new
7  trial, she will not actually receive a *new* trial if it is held before a different judge in the same
8  courthouse. Allocco does not believe that such a judge will be able to ignore the amount of
9  the verdict in the original trial.

10  Considering the particular circumstances of this case and the factors commonly
11  considered by other courts, Allocco's argument for a jury trial is not compelling. The
12  remanded trial does not involve a new issue. In fact, it does not differ from the first trial
13  where Allocco explicitly waived her right to a jury. Similarly, there has been no change in
14  circumstances, nor any alleged mistake on the part of Allocco. Neither is Allocco helped by
15  applying the factors commonly used by the Fifth and Eleventh Circuits to the present facts.
16  No factor clearly weighs in Allocco's favor. In fact, some weigh strongly against the
17  granting of a jury trial. This case does not now, on remand, contain any issue that would be
18  better tried to a jury. The degree of prejudice to MetLife would be significant because it
19  would require reformulating their defense for a new type of trial.[2]

20  Finally, the reason underlying Allocco's request for a jury trial is not compelling. The
21  Court disagrees with Allocco's contention that she will not retrieve a fair trial from a
22  different judge. Nor does the Court accept Allocco's implication that the Ninth Circuit's
23  action of remanding to a different district court judge suggests the inability of other judges

---

25  [2] Under similar facts, the First Circuit denied a request for a jury trial on remand after
26  the right was initially waived stating that "[w]e think this should especially be the rule when
    a trial has been completed jury-waived. Otherwise, a party who came to regret his decision
27  to stipulate to a bench trial could saddle an adversary who joined his stipulation with the
    unfair burden of a second trial." Hanlon v. Providence College, 615 F.2d 535, 539 (1st Cir.
28  1980).

in the same building to conduct a new and fair trial. To grant Allocco's request on this basis would be to accept the proposition that judges cannot be impartial, a proposition that would undercut our system of justice.

Accordingly,

**IT IS ORDERED** that Plaintiff's Request for Trial by Jury (Doc. # 111) is **DENIED**.

DATED this 23rd day of September, 2008.

James A. Teilborg
United States District Judge