**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Allocco and Ralph Allocco, wife and husband, | No. CV 01-2220-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Metropolitan Life Insurance Company, a foreign corporation, | |
| Defendant. | |

Plaintiff Cynthia Allocco ("Allocco") has filed a Motion for Permission to Appeal in Forma Pauperis (Doc. #169) and Motion to Receive Transcript of the April 14, 2009 Trial Proceedings (Doc. #166). The Court now rules on the motions.

Pursuant to Federal Rule of Appellate Procedure 24, this Court determines whether a party can pursue an appeal in forma pauperis. Plaintiff has met the requirements of FRAP 24(a)(1) by providing Form 4, claiming redress, and stating her issues on appeal. The Court finds that Plaintiff has demonstrated that she cannot afford to pay or give security for fees and costs on appeal and therefore grants her Motion to Appeal in Forma Pauperis (Doc. #169).

Plaintiff has also filed a Motion (Doc. #166) to receive a free copy of the transcript of the proceedings held on April 14, 2009. On that date, the Court held a status conference regarding the bench trial and proposed judgment. (Doc. #156.) The Court granted Judgment

1  to Defendant on Plaintiff's claim for bad faith and dismissed as moot her remaining claim

2  for breach of contract.  (Doc. #157.)

3      Congress addressed the issue of furnishing transcripts at public expense in 28 U.S.C.

4  § 753(f).  That section states that "Fees for transcripts furnished in other proceedings to

5  persons permitted to appeal *in forma pauperis* shall also be paid by the United States if the

6  trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a

7  substantial question).  28 U.S.C. § 753(f) (1996) (parenthetical in original).[1]  The rule's

8  purpose is to prevent taxpayer dollars from being wasted on transcripts for use in baseless

9  appeals.  The Court therefore must determine whether Plaintiff's proposed appeal has some

10  merit before it directs the government to pay for her transcripts.

11      Plaintiff must articulate some ground for appeal that requires a transcript before the

12  Court will subject the government to that expense.  When proceeding *in forma pauperis*,

13  transcripts cannot be provided merely to allow [Plaintiff] to search for grounds for relief.

14  Bonner v. Henderson, 517 F.2d 135, 135 (5th Cir. 1975) (per curiam).  Rather, Plaintiff has

15  the burden of demonstrating nonfrivolity and substantiality of the claims.  See Maloney v.

16  E.I. Du Pont de Nemours & Co., 396 F.2d 939, 940 (D.C. Cir. 1967).  The Court therefore

17  must examine whether the proposed appeal is not frivolous (but presents a substantial

18  question).

19      The language in § 753(f) suggests that the inquiries of frivolity and substantiality are

20  not identical.  Corgain v. Miller states that a claim is frivolous "if the petitioner can make no

21  rational argument in law or facts to support his claim for relief."  708 F.2d 1241, 1247 (7th

22  Cir. 1983).  On the other hand, a "substantial" question is defined as "reasonably debatable."

23  Maloney, 396 F.2d at 940 (citing Ortiz v. Greyhound Corp., 192 F.Supp. 903, 905 (D.

24  Md.1959)).  Regardless, the statute mandates that Plaintiff's reason for obtaining free

25  transcripts be nonfrivolous *and also* present a substantial question.  The Court therefore must

26

27      [1]  Plaintiff's motion falls within the meaning of "other proceedings" that are
contemplated by §753(f), which describes the procedure for obtaining transcripts at the

28  government's expense.  See 28 U.S.C. 753(f).

determine whether Plaintiff stated a nonfrivolous, substantial reason for obtaining the transcripts.

Plaintiff failed to demonstrate that her proposed appeal is nonfrivolous or presents a substantial question.  In her Motion to obtain free transcripts, Plaintiff failed to state what issues she seeks to appeal.  Even in her Motion to Proceed in Forma Pauperis, Plaintiff merely states that her attorney failed to make her main points, but never lists those points.  Thus, the Court is unable to determine from the face of the Motion whether her reason for obtaining the transcripts is substantial. The Court therefore finds that Plaintiff has failed to articulate a substantial reason for obtaining the transcript and will deny the Motion.

Accordingly,

**IT IS ORDERED** Granting Plaintiff's Motion for Permission to Appeal in Forma Pauperis (Doc. #169).

**IT IS FURTHER ORDERED** Denying Plaintiff's Motion to Receive Transcript of the April 14, 2009 Trial Proceedings (Doc. #166).

DATED this 24th day of July, 2009.

_____
James A. Teilborg
United States District Judge

- 3 -