**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Cynthia Allocco, | ) | No. CV 01-2220-PHX-JAT |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) ) | |
| Metropolitan Life Insurance Company, a foreign corporation, | ) ) ) | |
| Defendant. | ) ) | |

Currently before the Court is a Motion for Attorneys' Fees and Related Non-Taxable Expenses (Doc. # 159) and accompanying Memorandum in Support (Doc. # 165) filed by Defendant Metropolitan Life Insurance Company. Plaintiff Cynthia Allocco filed a Response. (Doc. # 168)

**I.    BACKGROUND**

Plaintiff worked for American Express as a customer service representative. One of the benefits American Express provided to Plaintiff was salary continuation that paid employees their salaries for up to six months if they became disabled. American Express paid these benefits out of its general assets rather than purchasing an insurance policy, but hired Defendant to administer claims for salary continuation. Defendant's role was to assess claims, and then make recommendations to American Express about whether to pay benefits.

1  Plaintiff made a claim for salary continuation. Defendant recommended that American Express deny Plaintiff's claim. American Express agreed with Defendant's recommendation and denied the claim.

Plaintiff then initiated the instant action alleging claims for breach of contract and bad faith, and sought punitive damages. She did not sue American Express.

After a bench trial, the District Court found in favor of Plaintiff and awarded Plaintiff $9.128.07 for breach of a contract, $20,000 for the tort of bad faith, and $30,000 in punitive damages. (Doc. # 63 at 37-38.)

Both sides appealed. The Ninth Circuit reversed, holding that Judge Silver had improperly ruled that Defendant had waived its defense that it could not be liable for the tort of bad faith because it was just the administrator—not an insurer—of the salary-continuation plan. (Doc. # 106 at 3.)

Upon remand, the Court ruled as a matter of law for Defendant on Plaintiff's claims for bad faith and, further, any claim for punitive damages. (Doc. # 147.)

After the Court issued this order, American Express paid Plaintiff the salary-continuation benefits she was seeking, with interest—$9.128.07. This made Plaintiff's claim for breach of contract moot. On April 14, 2009, the Court entered judgment for the Defendant. (Doc. # 157.) Defendant timely filed for attorneys' fees. (Doc. # 159.)

## II. DISCUSSION

Generally, state statutes allowing for the recovery of attorneys' fees and related non-taxable expenses are substantive for *Erie* purposes. "In an action where a district court is exercising its subject matter jurisdiction over a state law claim, so long as 'state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.'" *MRO Commc'ns, Inc. v. AT&T Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975) (quoting 6 *Moore's Federal Practice* § 54.77[2] (2d ed.1974))). Accordingly, the

Court will apply state law to Defendant's request for attorneys' fees and related non-taxable expenses.

**A. Award of Attorneys' Fees Under Arizona Law**

A.R.S. § 12-341.01 provides, in part: "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A). Therefore, to award Defendant attorneys' fees under this statute, this Court must find that Defendant is the "successful party," that the action arises out of a contract, that the award of attorneys' fees is appropriate, and that the fees are reasonable.

**1. Successful Party**

Under Arizona law, to determine whether a party is a successful party, the Court considers the "totality of the litigation." *All Am. Distrib. Co. v. Miller Brewing Co.*, 736 F.2d 530, 532 (9th Cir. 1984). The Court has discretion when determining who is the successful party and "the fact that a party does not recover the full measure of relief it requests does not mean it is not the successful party." *Sanborn v. Brooker & Wake Prop. Mgmt., Inc.*, 874 P.2d 982, 987 (Ariz. Ct. App. 1994).

In the present case, Defendant claims to be the successful party because Defendant prevailed on the bad faith and punitive damages claims and the breach of contract claim was made moot.[1] Plaintiff argues that because she actually did recover the full salary-continuation amount, with interest, Defendant was not the successful party.

Defendant's motion characterizes the salary-continuation payment that Plaintiff received both as "the result of a business decision by American Express" and as an

---

[1]Defendant claims that the Court should also consider Plaintiff's claims for breach of contract, bad faith and punitive damages related to long-term disability benefits. The Court granted Defendant summary judgment on these claims. (Doc. # 32.) But as Defendant only seeks attorneys' fees for work performed following remand, the Court will limit its analysis to the claims then at issue.

- 3 -

"insubstantial" recovery "compared to the value of the claims" upon which Defendant prevailed. (Doc. # 165 at 5, 7.) If it were an insubstantial recovery *from Defendant*, it would be sufficient to make Plaintiff the successful party rather than Defendant. *Sanborn*, 874 P.2d at 987; *see also Drozda v. McComas*, 887 P.2d 612, 615 (Ariz. Ct. App. 1994) (party who obtains judgment for only a part of a demand or claim is "successful"). But Defendant's former characterization is correct: it was American Express—a non-party—and not Defendant who paid Plaintiff's salary continuation. This distinction is vital because the Arizona Court of Appeals has concluded that the wording of A.R.S. § 12-341.01 indicates that the "legislature intended to allow recovery of costs and attorney's fees when a party succeeds in the particular proceeding, which is the 'action,' without regard to whether the substantive allegations presented therein were disposed of at that time." *Mark Lighting Fixture Co. v. Gen. Elec. Supply Co.*, 745 P.2d 123, 129 (Ariz. Ct. App. 1986), vacated on other grounds, 745 P.2d 85 (Ariz. 1987). Here, the Court entered judgment for Defendant on all of Plaintiff's claims. Plaintiff's recovery from non-party American Express does not lessen Defendant's success in *this action*. Thus, the Court finds that Defendant is a "successful party" within the meaning of A.R.S. § 12-341.01.

### 2. Arising Out of a Contract

Regarding the second element, this Court found that Defendant, as a mere administrator of the salary-continuation plan, was not a party to the underlying contract. Yet under Arizona law, defendants are entitled to recover attorneys' fees when sued for breach of contract even if the court finds that the contract on which the plaintiff relied does not actually exist. *Chevron U.S.A. Inc. v. Schirmer*, 11 F.3d 1473 (9th Cir. 1993); *Berthot v. Sec. Pac. Bank Of Ariz.*, 823 P.2d 1326, 1332 (Ariz. Ct. App. 1991) (same). Plaintiff also brought claims for bad faith, but, because that tort requires the existence of a special contractual relationship, the entire litigation still "arises out of a contract" within the meaning of A.R.S. § 12-341.01. *See Sparks v. Republic Nat'l Life Ins. Co.*, 647 P.2d 1127, 1141-42 (Ariz. 1982).

### 3. Appropriateness

The third element to consider is the permissive nature of the language of the statute: "the court *may* award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A) (emphasis added). There is no presumption in favor of granting attorneys' fees in contract actions, it is a matter within the discretion of the court. *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1183 (Ariz. 1985). The amount of the award is also within the court's discretion, provided that "such award may not exceed the amount paid or agreed to be paid." *Id.* (quoting A.R.S. § 12-341.01(B)). When exercising this discretion, courts should consider: (I) the merits of the defense or claim presented by the unsuccessful party; (ii) whether the litigation could have been settled or avoided; (iii) whether assessing attorneys' fees will cause an extreme hardship; (iv) whether the successful party received all relief sought; (v) the novelty of the legal questions involved; (vi) whether the claims or defense have been adjudicated in Arizona; and (vii) whether the award of attorneys' fees would discourage other parties with tenable claims from litigating contract issues for fear of incurring liability for substantial amounts of attorneys' fees. *Id.* at 1184. "The weight given to any one factor is within the Court's discretion." *Moedt v. Gen. Motors Corp.*, 60 P.3d 240, 246 (Ariz. Ct. App. 2000).

*I. Merits of the claim*

The Court notes that "[a] claim can have merit, even if it does not succeed." *Scottsdale Mem'l Heath Sys., Inc. v. Clark*, 791 P.2d 1094, 1099 (Ariz. Ct. App. 1990). While the Plaintiff initially won judgment, upon remand this Court granted judgment as a matter of law to Defendant on all issues. Therefore, the Court finds that the first *Associated Indemnity* factor does not weigh against granting fees.

*ii. Settlement or avoidance*

There are multiple points where this litigation could have been settled. Defendant points to offers of judgment for $30,000 and $20,000 served on Plaintiff before appeal. In light of the fact that Defendant's own brief claims that the potential value of Plaintiff's

claims could have run into the millions, these offers do not show that the litigation could have easily been settled.

However, the later stages of this litigation could have been avoided. Upon remand from the Ninth Circuit—with Plaintiff's chances of success much diminished—Defendant offered mediation, but Plaintiff declined. Following this Court's ruling on the bad faith claims and American Express' decision to pay the full salary-continuation amount, Defendant's counsel asked Plaintiff to stipulate that the case was moot, and a trial was not necessary. Plaintiff's counsel agreed that the case was moot, but Plaintiff refused to stipulate to it. Thus, for the period after remand, this factor weighs in favor of granting fees.

*iii. Extreme hardship*

Plaintiff alleges that an award of attorneys' fees would present an extreme hardship. (Doc. # 168 at 3.) Plaintiff has provided an affidavit regarding her limited financial situation accompanying her Motion for Permission to Appeal In Forma Pauperis. (Doc. # 169.) Although the Court recognizes Plaintiff's financial hardship, this factor does not control. Plaintiffs without significant resources must not be free to pursue frivolous contract litigation. For this reason, the Court elects to give this factor very little weight. *See Moedt*, 60 P.3d at 246 ("The weight given to any one factor is within the Court's discretion.").

*iv. Successful party receives all relief sought*

As discussed above, Defendant prevailed on all issues in this action. Therefore, this factor weighs in favor of granting fees.

*v & vi. Novel legal question; not previously adjudicated in Arizona*

Defendant argues that Plaintiff presentation of a novel legal question never before litigated weighs in favor of granting attorneys' fees. (Doc. # 165 at 7.) Specifically, Defendant claims that no plaintiff in Arizona or anywhere else had made a claim of bad faith against an administrator of a salary-continuation plan. This factor weighs in favor of granting fees.

*vii. Chilling effect*

Neither party has urged consideration of this factor. Therefore, the Court will not consider it.

After considering each of the relevant *Associated Indemnity* factors, the Court finds that Defendant is entitled to recover its reasonable attorneys' fees.

**4. Reasonableness**

Finally, the Court must determine whether the fees requested are reasonable. When analyzing attorneys' fees for reasonableness, the Court must determine that: (1) the hourly billing rate is reasonable; and (2) the hours expended on the case are reasonable. *See Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 931-32 (Ariz. Ct. App. 1983).

The Court has analyzed the itemization of attorney services rendered. The hours were billed according to the standing fee arrangement between Defendant and Defendant's counsel. (Doc. # 165, Ex. B.) Lead attorney Stephen Bressler avers in his declaration that he "exercised billing judgment and deleted time he believed was duplicative or unnecessary." (*Id.*, Ex. D.) Fees are requested for 113.8 attorney hours and 12.2 paralegal hours expended for the period following remand. (*Id.*, Ex. C.)

The Court finds that both the hourly billing rate and the number of hours expended are reasonable. However, Defendant's request for total fees in the amount of $32,079.10 appears to be based on incorrect calculations. Multiplying the hours itemized by the billing rates of the fee arrangement results in a total amount of $30,928.40. The Court finds this adjusted amount to be Defendant's reasonable attorneys' fees.

**B.    Award of Related Non-Taxable Expenses Under Arizona Law**

A.R.S. § 12-341 provides that "[t]he successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law." Defendant argues that this section provides the basis for recovery of photocopying and long-distance telephone costs. (Doc. # 165 at 3-4, Ex. C.) However, the Supreme Court of Arizona has held that such expenses are not recoverable as fees absent a contract between

the parties providing otherwise. *Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Bach*, 973 P.2d 106, 107-09 (Ariz. 1999) (en banc) (holding that expenses incurred for photocopying and long-distance telephone calls are not recoverable either as costs or as part of an award for attorneys' fees). Therefore, the Court will not award Defendant any costs.

### III. CONCLUSION

Defendant is a successful party in this action, and the action arose from contract within the meaning of A.R.S. § 12-341.01. Upon consideration of the *Associated Indemnity* factors, the Court will exercise its discretion to award attorneys' fees. The Court also finds the hourly rate and number of hours expended by Defendant's attorneys to be reasonable.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Attorneys' Fees and Related Non-Taxable Expenses (Doc. # 159) is **GRANTED IN PART** and **DENIED IN PART**. Defendant's request for an award of attorneys' fees is **GRANTED** as follows: The Court awards Defendant $30,928.40 in attorneys' fees.

**IT IS FURTHER ORDERED** that Defendant's request for an award of related non-taxable expenses is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment on this Order.

DATED this 29th day of October, 2009.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge